**SEYFARTH SHAW LLP**
Daniel C. Whang (SBN 223451)
dwhang@seyfarth.com
Laura E. Heyne (SBN 279478)
lheyne@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
BLUE CHIP 2000 COMMERCIAL CLEANING,
INC.

# UNITED STATES DISTRICT COURT

# FOR CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOBURDES VENTURA, an individual, | Case No. **2:23-cv-2347** |
| Plaintiff, | **DEFENDANT BLUE CHIP 2000 COMMERCIAL CLEANING, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT** |
| v. | |
| BLUE CHIP 2000 COMMERCIAL CLEANING, INC., an Ohio corporation; and DOES 1 through 100, inclusive | [Los Angeles County Superior Court Case No. 23STCV00784] |
| Defendants. | Complaint Filed:  January 13, 2023 |
| | Trial Date: None Set |

93528301v.1

## <u>TABLE OF CONTENTS</u>

I.    BACKGROUND ...................................................................................................7

II.    TIMELINESS OF REMOVAL ..........................................................................8

III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ............................8

    A.    Plaintiff Is A Citizen of California....................................................8

    B.    Defendant Blue Chip 2000 Commercial Cleaning Inc. Is Not A Citizen of California...................................................................................9

    C.    Doe Defendants May Be Disregarded............................................10

IV.    AMOUNT IN CONTROVERSY .....................................................................10

    A.    Emotional Distress Damages ........................................................11

    B.    Plaintiff's Individual Claims Exceed $75,000 .............................12

    C.    Compensatory Damages................................................................12

    D.    Attorneys' Fees and Costs.............................................................14

    E.    Punitive Damages ..........................................................................15

V.    VENUE............................................................................................................16

VI.    SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT .......................................................16

VII.    PRAYER FOR REMOVAL.............................................................................16

2

93528301v.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998)..........................................................................11

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
325 F.2d 785 (9th Cir. 1963) ..............................................................................11, 15

*Davis v. HSBC Bank Nevada, N.A.*,
557 F.3d 1026 (9th Cir. 2009) ...................................................................................9

*Fristoe v. Reynolds Metals, Co.*,
615 F.2d 1209 (9th Cir. 1980) .................................................................................10

*Galt G/S v. JSS Scandinavia*,
142 F. 3d 1150 (9th Cir. 1998) ...........................................................................10, 14

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ...................................................................................10

*Hertz Corp. v. Friend,*
559 U.S. 77 (2010)......................................................................................................9

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .....................................................................................8

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) ...................................................................................8

*Malone v. Potter*,
2009 WL 999514 (C.D. Cal.) ...................................................................................13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
119 S. Ct. 1322 (1999)................................................................................................8

*Peacock v. Quest Diagnostics*,
2010 WL 6806990 (C.D. Cal.) ................................................................................12

*Sanchez v. Monumental Life Ins.*,
103 F.3d 398 (9th Cir. 1996) .............................................................................10, 12

93528301v.1

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ....................................................................................8

*State Farm Mutual Automobile Insurance Co. v. Campbell*,
  538 U.S. 408 (2003)................................................................................................15

*Valdez v. Allstate Ins., Co.*,
  372 F.3d 1115 (9th Cir. 2004) ...............................................................................10

*Ward v. Cadbury Schweppes Bottling Grp.*,
  2011 WL 7447633 (C.D. Cal) .....................................................................11, 13, 15

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
  2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007).......................................14

*Horsford v. Bd. of Trs. Of Cal. State Univ.*,
  132 Cal. App. 4th 359 (2005) .................................................................................14

*Lane v. Hughes Aircraft Co.*,
  22 Cal. 4th 405 (2000) ...........................................................................................15

**Federal Statutes**

28 U.S.C. § 1332............................................................................................................7, 10

28 U.S.C. § 1332(a) ...........................................................................................................11

28 U.S.C. § 1332(a)(1)....................................................................................................8, 16

28 U.S.C. § 1332(c)(1)...........................................................................................................9

28 U.S.C. § 1441 ...................................................................................................................7

28 U.S.C. § 1441(a) ...................................................................................................8, 10, 16

28 U.S.C. § 1446 ...................................................................................................................7

28 U.S.C. § 1446(a) .............................................................................................................16

28 U.S.C. § 1446 (b) ..............................................................................................................8

28 U.S.C. § 1446(b)(2(B) .......................................................................................................8

28 U.S.C § 1446(d) ..............................................................................................................16

4

93528301v.1

**State Statutes**

California Government Code § 12965(b) ...................................................................................14

California Labor Code § 1102.5 .................................................................................................7

Fair Employment and Housing Act ..........................................................................................14

**Other Authorities**

*Aboulafia v. GACN Inc.*,
    2013 WL 8115991 (Los Angeles Sup. Ct.) ...................................................11, 13, 15

*Beard v. Los Angeles Cnty. Law Library*,
    2009 WL 250543 (Los Angeles Sup. Ct.) ...............................................................13

*Bisharat v. Los Angeles Unified Sch. Dist.*,
    2013 WL 1415554 (Los Angeles Sup. Ct.) .............................................................13

*Crawford v. DIRECTV, Inc.*,
    2010 WL 5383296 (Los Angeles County Sup. Ct.) .................................................14

*Denenberg v. Cal. Dep't of Transp.*,
    2006 WL 5305734 (San Diego County Sup. Ct.).....................................................14

*Dodd v. Haight Brown & Bonesteel LLP*,
    2010 WL 4845803 (Los Angeles Sup. Ct.) .............................................................13

*Jolly v. City of Long Beach*,
    2013 WL 3340512 (Los Angeles Sup. Ct.) .............................................................13

*Leimandt v. Mega RV Corp.*,
    2011 WL 2912831 (Orange County Sup. Ct.)..........................................................11

*O'Connor v. UHS-Corona Inc.*,
    2011 WL 3606915 (Riverside Sup. Ct.) ..................................................................12

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) .......................................................11, 13

*Vanderheiden v. City of Alameda*,
    2011 WL 1562075 (Alameda County Sup. Ct.) .......................................................13

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles Sup. Ct.) .......................................................11, 13

DEFENDANT BLUE CHIP 2000 COMMERCIAL INC.'S NOTICE OF REMOVAL

93528301v.1

*Welch v. Ivy Hill Corp.*,
    2011 WL 3293268 (Los Angeles Sup. Ct.) ...................................................................11

*Ybarra v. Dacor Holding Inc.*,
    2010 WL 2404221 (L.A. County Sup. Ct.) ...............................................................13

6

DEFENDANT BLUE CHIP 2000 COMMERCIAL INC.'S NOTICE OF REMOVAL

93528301v.1

**TO THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA AND TO LOBURDES VENTURA AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Blue Chip 2000 Commercial Cleaning, Inc. ("Blue Chip") hereby removes the above-referenced action from the California Superior Court, County of Los Angeles, pursuant to 28 U.S.C. sections 1441 and 1446, based on diversity of citizenship jurisdiction (28 U.S.C. section 1332). The removal is proper for the following reasons:

## I. BACKGROUND

1. On January 13, 2023, Plaintiff Loburdes Ventura ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*LOBURDES VENTURA, an individual, Plaintiff, v. BLUE CHIP 2000 COMMERCIAL CLEANING, INC., an Ohio corporation; and DOES 1 through 100, inclusive Defendants.*," Case No. 23STCV00784 ("Complaint").

2. The Complaint asserts causes of action against Blue Chip and Does 1-100 for: (1) "Pregnancy/Sex/Gender Discrimination"; (2) "Disability Discrimination"; (3) "Associational Disability Discrimination"; (4) "Retaliation"; (5) "Failure to Accommodate"; (6) "Failure to Engage in the Interactive Process"; and (7) "Failure to Prevent [sic] "; (8) "CFRA Interference/Retaliation"; (9) "Violation of California Labor Code § 1102.5; and (10) "Wrongful Termination."

3. On February 27, 2023, counsel for Blue Chip signed a Notice and Acknowledgement of Receipt of the Summons and Complaint which was filed by Plaintiff that day. A true and correct copy of the packet received by Blue Chip, including the Complaint, is attached hereto as **Exhibit A**. The filed Notice and Acknowledgement of Receipt of the Summons and Complaint is attached hereto as **Exhibit B.**

4. On March 29, 2023, Blue Chip timely filed their Answer to Plaintiff's Complaint in Los Angeles County Superior Court. A true and correct copy of the Answer is attached hereto as **Exhibit C**.

7

93528301v.1

5. As discussed in greater detail below, Blue Chip is a citizen of Ohio, and Plaintiff is a citizen of California.

6. Defendant Blue Chip consents to this removal.

## II. TIMELINESS OF REMOVAL

7. This Notice of removal is timely as it is filed within thirty (30) days of service of the Summons and Complaint on Blue Chip on February 27, 2023. 28 U.S.C. § 1446 (b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

8. A defendant has 30 days after service to file a Notice of Removal. 28 U.S.C. § 1446(b)(2)(B).

## III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

9. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff Is A Citizen of California

10. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of California. (*See*, Ex. A, Compl., ¶ 1; Declaration of Alexus Talbott ("Talbott Decl."), ¶ 5.)

11. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

93528301v.1

12. Plaintiff admits in her Complaint that Plaintiff "was an individual and a resident of the State of California." (*See* Ex. A, Compl., ¶ 1.) The Complaint also alleges that Plaintiff worked in Los Angeles, California. (*See* Ex. A, Compl., ¶¶2;7.)

13. Additionally, Blue Chip's review of Plaintiff's personnel file reveals that Plaintiff resides in California. (*See* Talbott Decl., ¶ 5.)

14. Therefore, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.   Defendant Blue Chip 2000 Commercial Cleaning Inc. Is Not A Citizen of California**

15. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

16. In this case, Blue Chip is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). *See*, *Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81, 91-93 (2010).

Blue Chip is an incorporation organized under the laws of the State of Ohio with its principal place of business in Ohio. (*See* Talbott Decl., ¶ 6.) Per the United States Supreme Court's decision in *Hertz Corp. v. Friend*, the appropriate test to determine a corporation's principal place of business is the "nerve center" test. Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). *Id.*

17. Blue Chip's principal place of business is Ohio because its "nerve center" is located in that state. The headquarters from which Blue Chip directs, controls, and

93528301v.1

coordinates its activities is located in Cincinnati, Ohio. (*See* Talbott Decl., ¶ 6.) Therefore, Blue Chip is a citizen of Ohio.  Blue Chip is not now, and was not at the time of the filing of the Complaint, a citizen of the state of California for removal purposes.

**C.     Doe Defendants May Be Disregarded**

18.     Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe Defendants, 1-100, do not deprive this Court of jurisdiction.

**IV.   AMOUNT IN CONTROVERSY**

19.     While Blue Chip denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 103 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

20.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins., Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

21.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an

93528301v.1

award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

22. Here, considered together, the damages sought by Plaintiff, along with the attorneys' fees that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

**A.   Emotional Distress Damages[1]**

23. Plaintiff's Complaint seeks damages for emotional distress alleging that she suffered "emotional distress, and mental and physical pain and anguish" as a result of Blue Chip's conduct. (Ex. A, Compl., ¶¶ 37, 48, 59, 69, 79, 89, 97, 105).

24. A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in an discrimination action); *Leimandt v. Mega RV*

---

[1] Blue Chip's assertion that the amount in controversy exceeds $75,000 is not an admission that Plaintiff is entitled to any damages. Blue Chip denies that Plaintiff is entitled to, or will recover, any damages in this matter.

11

93528301v.1

*Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury award of $1,500,000 in non-economic loss to employee action involving retaliation); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discriminatory termination).

25.     Plaintiff's allegations that she was discriminated against and wrongfully terminated have issues similar to the issues in these cases.  Blue Chip has attached these verdicts as **Exhibits D** to the Declaration of Laura Heyne ("Heyne Declaration").

**B.      Plaintiff's Individual Claims Exceed $75,000**

26.     The amount in controversy requirement is satisfied because "it is more likely than not" that it exceeds the jurisdictional minimum based on the allegations in Plaintiff's Complaint.  *See Sanchez,* 102 F.3d at 404 ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

27.     Plaintiff's Complaint alleges discrimination, retaliation, failure to accommodate, failure to engage in the interactive process, failure to prevent [sic] (discrimination and harassment), CFRA interference/retaliation, and wrongful termination.

28.      Plaintiff claims damages for general, and special damages, including but not limited to punitive damages, medical expenses, loss of earnings, prejudgment interest, attorneys' fees, and costs.  (Ex. A, Compl., Prayer for Relief, at 1-8.)  Thus, it is more likely than not that the amount in controversy exceeds $75,000.

**C.      Compensatory Damages**

29.     Plaintiff was employed as a General Cleaner by Blue Chip earning $14.25 per hour at the time of her hire.  (*See* Talbott Decl., ¶ 5.)  Plaintiff alleges lost earnings. (*See* Ex. A, Compl., ¶¶ 78, 88, 104, 112, Prayer for Relief at 5.)  Given that Plaintiff was terminated in May 2021, she has incurred at least **$54,340.00** of lost compensation

12

($14.25 (hourly rate of position) x 2,080 hours per year = $29,640 annually).  $29,460 divided by 12 = $2,470 per month x 22 months (May 2021 to March 2023)).  By the time trial commences in this action (assuming that trial is set within a 1-year time period from the date of this filing), Plaintiff's lost wages would exceed $75,000.  Thus, Plaintiff meets the jurisdictional monetary requirement based on her claim for alleged lost wages alone.

30.    Additionally, should Plaintiff prevail at trial, it is more likely than not that she would recover over $75,000 in damages as there have been, in recent years, several verdicts in similar discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000.  *See Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct. (award of $1,361,756, $1,447,634, $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee in discrimination action); *Bisharat v. Los Angeles Unified Sch. Dist.*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging discrimination and constructive discharge); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging discrimination, retaliation, failure to prevent discrimination and harassment, and constructive discharge); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination action; *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $17,899,400 to six employees in an alleged discrimination case); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding employee $410,520 in discrimination action); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Beard v. Los Angeles Cnty. Law*

93528301v.1

*Library*, 2009 WL 250543 (Los Angeles Sup. Ct.) (award of $146,000 to employee who was wrongfully terminated based upon discrimination).

31.    Plaintiff's allegations that she was discriminated against and retaliated against are factually similar to the issues in these cases.  Blue Chip has attached these verdicts as **Exhibit E** to the Heyne Decl.

### D.    Attorneys' Fees and Costs

32.    Plaintiff also claims that she is entitled to attorneys' fees and costs.  (Ex. A, Compl., Prayer for Relief, at 6; 8.)  Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).  Under California Government Code § 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions.  Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. Of Cal. State Univ*., 132 Cal. App. 4th 359, 394 (2005).

33.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving claims similar to Plaintiff's claims.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301 *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).  Blue Chip has attached these verdicts as **Exhibit F** to the Heyne Decl.

34.    Blue Chip anticipates depositions being taken in this case, and that ultimately, Blue Chip will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000.  In this regard, it is more likely than not that the

14

93528301v.1

fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Heyne Decl., ¶ 4.)

### E. Punitive Damages

35. Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (*See* Ex. A, Compl., ¶¶ 38, 49, 60, 70, 99, 114, Prayer for Relief, at 3.)

36. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000) (finding "three factors relevant to the assessment of punitive damages: (1) the degree of reprehensibility of the act; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant."). In *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award … That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors…" (internal citations omitted). Without conceding that punitive damages are appropriate or applicable here, for a defendant of Defendant's net worth, it is obvious that a punitive damages award, if assessed, would exceed $75,000. Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

37. Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged discrimination cases. *See Aboulida v. GACN Inc.*, 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,000,000 in punitive damages in discrimination case); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal.) (jury awarded $9,687,400 in punitive damages to six employees in discrimination and retaliation action).

93528301v.1

38.     Based upon the allegations contained in Plaintiff's Complaint, Blue Chip is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.  Because diversity of citizenship exists between the Plaintiff and Blue Chip and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1).  This action is therefore proper for removal to this Court.

## V.     VENUE

39.     This action was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.     SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE CLERK OF THE SUPERIOR COURT

40.     Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

41.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action attached hereto as **Exhibits A through C.**

## VII.   PRAYER FOR REMOVAL

42.     WHEREFORE, Blue Chip prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

//

//

//

//

16

93528301v.1

DATED: March 29, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____

Daniel C. Whang
Laura E. Heyne
Attorneys for Defendant
BLUE CHIP COMMERCIAL
CLEANING, INC.

17

# EXHIBIT A

23STCV00784

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BLUE CHIP 2000 COMMERCIAL CLEANING INC., an Ohio corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LOBURDES VENTURA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse
111 N Hill St, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
23STCV00784

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sheryl L. Marx, Esq., The Finkel Firm, 3470 Wilshire Blvd., Ste 830, Los Angeles, CA 90010, 213-787-7411.

DATE: David W. Slayton, Executive Officer/Clerk of Court    Clerk, by                    , Deputy
*(Fecha)* 01/13/2023                                          *(Secretario)* Y. Tarasyuk    *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.

2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Sheryl L. Marx, Esq. (SBN 311475); Nikolay Kogan, Esq. (SBN 332424)<br>The Finkel Firm<br>3470 Wilshire Blvd., Suite 830, Los Angeles, CA 90010<br><br>TELEPHONE NO.: (213) 787-7411    FAX NO. *(Optional):* (323) 916-0521<br>ATTORNEY FOR *(Name):* Plaintiff, LOBURDES VENTURA | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES**
STREET ADDRESS:  111 N Hill St
MAILING ADDRESS:  111 N Hill St
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  Stanley Mosk Courthouse

CASE NAME:
  LOBURDES VENTURA VS. BLUE CHIP 2000 COMMERCIAL CLEANING, INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ **Unlimited** <br>(Amount demanded exceeds $25,000) | ☐ **Limited** <br>(Amount demanded is $25,000) | ☐ Counter    ☐ Joinder <br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **23STCV00784** |
| | | | | JUDGE: <br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2.  This case ☐ is  ● is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. ☐ Large number of separately represented parties
    b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. ☐ Substantial amount of documentary evidence
    d. ☐ Large number of witnesses
    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. ✔ monetary  b. ✔ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4.  Number of causes of action *(specify):* Ten (10)
5.  This case ☐ is  ● is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 13, 2023

SHERYL L. MARX, Esq.
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: VENTURA VS. BLUE CHIP 2000 COMMERCIAL CLEANING, INC., et al. | CASE NUMBER 23STCV00784 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: VENTURA VS. BLUE CHIP 2000 COMMERCIAL CLEANING, INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: VENTURA VS. BLUE CHIP 2000 COMMERCIAL CLEANING, INC., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: VENTURA VS. BLUE CHIP 2000 COMMERCIAL CLEANING, INC., et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>8500 Beverly Blvd, Los Angeles, CA 90048 |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90048 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _January 13, 2023_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 01/13/2023 02:48 PM David W. Slayton, Executive Officer/Clerk of Court, by Y. Tarasyuk,Deputy Clerk
Case 2:23-cv-02347-DSF-RAO     Document 1     Filed 03/29/23     Page 26 of 83     Page ID
#:26
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Theresa Traber

Jake D. Finkel, Esq. (SBN 293954)
jake@finkelfirm.com
Sheryl L. Marx, Esq. (SBN 311475)
sheryl@finkelfirm.com
Nikolay Kogan, Esq, (SBN 332424)
nikolay@finkelfirm.com
**THE FINKEL FIRM**
3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010
Tel: (213) 787-7411
Fax: (323) 916-0521

Attorneys for Plaintiff, LOBURDES VENTURA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LOBURDES VENTURA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE CHIP 2000 COMMERCIAL CLEANING INC., an Ohio corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 23STCV00784<br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **PREGNANCY/SEX/GENDER DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>2. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>3. **ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA.**<br>4. **RETALIATION IN VIOLATION OF THE FEHA;**<br>5. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br>6. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**<br>7. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br>8. **CFRA INTERFERENCE/ RETALIATION;**<br>9. **VIOLATION OF CALIFORNIA LABOR CODE § 1102.5;**<br>10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

**COMPLAINT FOR DAMAGES**

Plaintiff, LOBURDES VENTURA, hereby brings her employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

## THE PARTIES

1. At all times mentioned herein, Plaintiff, LOBURDES VENTURA ("Plaintiff") was an individual and a resident of the State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant BLUE CHIP 2000 COMMERCIAL CLEANING, INC. ("BLUE CHIP") is an Ohio corporation which conducts business in California, and where the causes of action occurred, 8500 Beverly Blvd, Los Angeles, CA 90048. Defendant was Plaintiff's employer within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and is therefore subject to the jurisdiction of this Court.

3. Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately hereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

4. Plaintiff is informed and believes that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

5. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venture of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

6. Hereinafter in this Complaint, unless otherwise noted, reference to a Defendant, shall

2

**COMPLAINT FOR DAMAGES**

mean all Defendants, and each of them.

## FACTUAL ALLEGATIONS

7.   Defendants hired Plaintiff on or around February 4, 2019 as a supervisor. At all relevant times, Plaintiff performed her duties in a satisfactory manner.

8.   About 2 weeks into her employment, Plaintiff notified her manager Miguel Zuniga ("ZUNIGA") about her son's special needs. Plaintiff explained she would need to be excused from work to attend her son's special needs.

9.   On or around March 9, 2021, Plaintiff was hospitalized due to a kidney infection. Plaintiff immediately notified her manager Zuniga about her condition. Plaintiff remained hospitalized through on or around March 17, 2021.

10.  On or around March 15, 2021, while still hospitalized, Plaintiff discovered that she was pregnant. Plaintiff contacted ZUNIGA to let him know that she was still in the hospital and that she just discovered that she was pregnant.

11.  On or around March 17, 2021, Plaintiff notified ZUNIGA that she was now released from the hospital. ZUNIGA told her to return to work on March 22, 2021.

12.  On or around March 22, 2021, Plaintiff returned to work. She presented her doctor's report and note to ZUNIGA in their workplace parking lot. ZUNIGA read the note and informed her that he did not need to keep the note. Plaintiff verbally informed ZUNIGA that she would not be able to perform specific work duties such as lifting, moving heavy objects, and using ladders. On the same day, Plaintiff received accolades for her performance relating to work for Macy's where she performed her job duties.

13.  On or around March 29, 2021, ZUNIGA began to monitor and criticize Plaintiff's work more than usual.

14.  On or around April 14, 2021, Plaintiff had an emergency wherein she had to pick up her son from school. She had to go immediately and tried contacting ZUNIGA to notify him, but ZUNIGA was not responding Plaintiff's calls or texts. ZUNIGA was not in the office at the time but called her 30 minutes after leaving. He asked her to explain why she was not at work. Plaintiff explained the situation at hand to Miguel and why she had to go at once. Miguel said that he

3

**COMPLAINT FOR DAMAGES**

checked the punch card and showed that she was not at work at all that day. Plaintiff corrected him, saying she was at work earlier that day, but only had to go out for the emergency after she had already punched in. ZUNIGA said that he did not believe her. Plaintiff decided to call the manager, Yasmin Jimenez ("JIMENEZ" hereafter), regarding the situation with Miguel. JIMENEZ stated that since she was aware that Plaintiff was at work before leaving for an emergency, she would speak to ZUNIGA if he brought up the matter.

15. On or around April 15, 2021, ZUNIGA called a staff meeting. ZUNIGA brought up Plaintiff, her team, and their work during the meeting, speaking about how they should do better. Additionally, ZUNIGA mentioned how Plaintiff was not at work the day before. Plaintiff was shocked that said matters were brought up during the staff meeting. After the meeting, ZUNIGA and JIMENEZ had a meeting. At the second meeting, JIMENEZ attested to ZUNIGA that Plaintiff was at work that day before leaving for her disabled son's emergency.

16. On or around April 19, 2021, JIMENEZ gave Plaintiff more tasks and reduced her hours. Plaintiff messaged JIMENEZ via WhatsApp, inquiring about the changes in her workload, increased workload with reduced hours.

17. On or around April 20, 2021, a store inspection was scheduled for the day. JIMENEZ showed up an hour before the inspection and checked every level of the store. JIMENEZ sent a WhatsApp message with a picture of the dirty ventilators among other issues he found on Level 6. JIMENEZ sent a WhatsApp message regarding these issues and accused Plaintiff of being on the phone all day, causing her not to do her job right. When JIMENEZ accused Plaintiff of being on the phone, she and her coworker, Brenda Marroquin ("MARROQUIN"), were in dispute via WhatsApp message. Plaintiff believed that MARROQUIN was not happy about her supervisorial decision to change MARROQUIN's work section due to work performance.

18. Furthermore, MARROQUIN seemed upset with Plaintiff's return as she took over Plaintiff's supervisorial position while she was at the hospital. Plaintiff replied via WhatsApp that the photos taken by ZUNIGA were not of the floor level she was in charge of. Plaintiff also expressed how she felt it was not right of ZUNIGA to inspect without her as, by standard protocol, supervisors need to be present during the inspection. Plaintiff also made other work suggestions to

**COMPLAINT FOR DAMAGES**

which ZUNIGA did not respond.

19. Later that night, ZUNIGA sent a WhatsApp message to Plaintiff, stating that he believed a change in supervisor was necessary after careful thought. ZUNIGA demoted Plaintiff. Plaintiff responded that she believed that it is unprofessional to receive a message of demotion through a WhatsApp message. Plaintiff said that there should have been a meeting with Human Resources (HR) instead. ZUNIGA responded that he believes such notification was acceptable and that her coworkers also agree that she should not be a supervisor anymore due to her work performance. ZUNIGA also stated that "there has been enough drama and the only unprofessional person here is you." Plaintiff responded that she has proof that her work performance has been tremendous and requested a meeting with HR to clarify everything.

20. On or around April 21, 2021, ZUNIGA sent Plaintiff a WhatsApp message stating that he had already sent his report regarding the matter they discussed the day before to HR.

21. On or around April 24, 2021, ZUNIGA sent the employee work schedule via WhatsApp, where Plaintiff's hours were reduced again without explanation.

22. On or around April 29, 2021, Plaintiff felt ill at work. Plaintiff sent a text message to ZUNIGA and lead supervisor Jorge Doe ("JORGE" hereafter), saying she did not feel well and wished to leave early to go to the hospital. ZUNIGA and JORGE did not respond. Plaintiff sent another message to ZUNIGA and JORGE stating that since she still has not received a response from either of them, she is now notifying them that she is leaving the store to go to the hospital regardless. Plaintiff sent ZUNIGA and JORGE a copy of the Return to Work Note from her doctor. The note stated that Plaintiff's doctor advised her to take time off work to return on May 3, 2021. ZUNIGA and JORGE did not respond to any of Plaintiff's messages regarding the matter.

23. On or around April 30, 2021, Plaintiff presented her doctor's note of the estimated pregnancy delivery date at work. Later that night, Plaintiff sent a text message to both ZUNIGA and JORGE regarding her work hours not being compensated.

24. On or around May 02, 2021, Plaintiff followed up regarding her hours and concerns, she received a text message from ZUNIGA telling her to take the day off.

25. On May 3, 2021, Plaintiff received a call from ZUNIGA informing her of her

5

**COMPLAINT FOR DAMAGES**

termination. According to ZUNIGA, HR performed an investigation into Plaintiff and decided to terminate her in light of the investigation's findings. Plaintiff was not informed about the type of investigation done about her, any detail of its proceedings, nor any of its results.

26. Based on the foregoing, Plaintiff is informed and believes that Defendants discriminated against Plaintiff on the basis of her pregnancy, retaliated against Plaintiff for her pregnancy, and/or for requesting reasonable accommodations. Additionally, Plaintiff is informed and believes that Defendants failed to prevent the discrimination and retaliation from occurring.

27. As a result of Defendants' harassing, retaliatory and discriminatory treatment towards her, Plaintiff has suffered economic and non-economic damages, including, but not limited to, depression, anxiety, lack of sleep, low self-esteem, frustration, and other emotional distress symptoms.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

28. Plaintiff filed a complaint against Defendants with the Department of Fair Employment and Housing ("DFEH") on January 13, 2023. The DFEH issued Plaintiff a "Right-to-Sue" letter that same day. This Complaint is timely filed pursuant to that letter. Venue is proper in Los Angeles because that is where Plaintiff worked and where the discriminatory conduct occurred.

**FIRST CAUSE OF ACTION**

**PREGNANCY/SEX/GENDER DISCRIMINATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

29. The allegations set forth above are re-alleged and incorporated herein by reference.

30. At all times hereto, the FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding upon defendants and each of them. FEHA requires Defendants to refrain from discriminating against an employee on the basis of Plaintiff's protected status of being a pregnant woman, and to prevent discrimination on the basis of pregnancy, sex, and/or gender from occurring.

31. Plaintiff is a member of a protected class as she is a woman who was pregnant.

32. During a plaintiff's employment with defendant, defendant, through its supervisors,

6

**COMPLAINT FOR DAMAGES**

engaged in actions that had a negative impact on the treatment of employees who were pregnant women. Specifically, Defendants discharged pregnant women, hired fewer pregnant women, and gave better jobs and benefits to employees who were not pregnant women. During plaintiff's employment with Defendants, Defendants had a pattern and practice of discriminating against employees who were pregnant women more than those who were not.

33. Plaintiff was a qualified employee at the time Defendants terminated her employment.

34. Plaintiff's status as a pregnant woman who needed an accommodation was a substantial motivating reason for Defendants' termination decision. Defendant, through its managers and supervisors, behaved in such a manner that exhibited discriminatory motivations, intentions, and consciousness towards pregnant women employees. Plaintiff believes, and on that basis alleges, that defendant's real motivation to terminate her was because she was a pregnant women.

35. Within the time provided by law, plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter.

36. As a proximate result of the acts and omissions of Defendants as detailed above, Plaintiff has sustained and continues to sustain substantial damages in an amount to be proven at trial.

37. As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

38. The conduct of Defendants as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and their officers, directors and managing agents authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendants.

39. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek

7

**COMPLAINT FOR DAMAGES**

leave of court to amend this Complaint when the amounts are fully known. As such, pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

40. The allegations set forth above are re-alleged and incorporated herein by reference.

41. At all times hereto, the FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding upon defendants and each of them. FEHA requires Defendants to refrain from discriminating against an employee on the basis of Plaintiff's protected status of being disabled, perceived as disabled, and/or suffering from a medical condition, and to prevent discrimination on the basis of disabilities/medical conditions from occurring.

42. Plaintiff is a member of a protected class as she suffered with a pregnancy-related disability and/or medical condition that necessitated an accommodation.

43. During a plaintiff's employment with defendant, defendant, through its supervisors, engaged in actions that had a negative impact on the treatment of employees who were disabled and/or suffered with a medical condition. Specifically, Defendants discharged more disabled and/or suffered with a medical condition employees, hired fewer disabled and/or suffered with a medical condition employees, and gave better jobs and benefits to non-disabled employees. During plaintiff's employment with Defendants, Defendants had a pattern and practice of discriminating against employees who were disabled and/or suffered with a medical condition more than those who were not.

44. Plaintiff was a qualified employee at the time Defendants terminated her employment.

45. Plaintiff's status as a pregnant woman who needed an accommodation was a substantial motivating reason for Defendants' termination decision. Defendant, through its managers and supervisors, behaved in such a manner that exhibited discriminatory motivations, intentions, and consciousness towards disabled and/or suffered with a medical condition employees. Plaintiff believes, and on that basis alleges, that defendant's real motivation to

8

**COMPLAINT FOR DAMAGES**

terminate her was because she was disabled and/or suffered with a medical condition that needed an accommodation.

46. Within the time provided by law, plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter.

47. As a proximate result of the acts and omissions of Defendants as detailed above, Plaintiff has sustained and continues to sustain substantial damages in an amount to be proven at trial.

48. As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

49. The conduct of Defendants as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and their officers, directors and managing agents authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendants.

50. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known. As such, pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### THIRD CAUSE OF ACTION

**ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

51. The allegations set forth above are re-alleged and incorporated herein by reference.

52. At all times hereto, the FEHA, Government Code section 12940, et seq., was in full force and effect and was binding upon defendants and each of them. FEHA requires Defendants to refrain from discriminating against an employee on the basis of actual and/or perceived

9

**COMPLAINT FOR DAMAGES**

associational disability and/or medical condition, and to prevent discrimination on the basis of associational disability and/or medical condition from occurring.

53. Plaintiff is a member of a protected class as she has a special needs son which is a disability and/or medical condition under FEHA. Plaintiff needed an accommodation to take care of her son's special needs.

54. During a plaintiff's employment with defendant, defendant, through its supervisors, engaged in actions that had a negative impact on the treatment of employees who were associated with disabled people and/or those who suffered with a medical condition. Specifically, defendant discharged (discharge or constructive discharge) more employees were associated with disabled people and/or those who suffered with a medical condition, hired fewer employees were associated with disabled people and/or those who suffered with a medical condition, and gave better jobs and benefits to employees who were not associated with disabled people and/or those who suffered with a medical condition. During plaintiff's employment with defendant, defendant had a pattern and practice of discriminating against employees who were associated with disabled people and/or those who suffered with a medical condition more than those who were not.

55. Plaintiff was a qualified employee at the time Defendants terminated her employment.

56. Plaintiff's status as an employee with associational disability who needed an accommodation of leaving work on some occasions to attend her special needs son was a substantial motivating reason for Defendants' termination decision. Defendant, through its managers and supervisors, behaved in such a manner that exhibited discriminatory motivations, intentions, and consciousness towards employees who were associated with disabled people and/or those who suffered with a medical condition. Plaintiff believes, and on that basis alleges, that defendant's real motivation to terminate her was because she was associated with disabled people and/or those who suffered with a medical condition and needed an accommodation.

57. Within the time provided by law, plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter.

58. As a proximate result of the acts and omissions of Defendants as detailed above,

**COMPLAINT FOR DAMAGES**

Plaintiff has sustained and continues to sustain substantial damages in an amount to be proven at trial.

59. As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

60. The conduct of Defendants as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and their officers, directors and managing agents authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendants.

61. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known. As such, pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA

### FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

62. The allegations set forth above are re-alleged and incorporated herein by reference.

63. At all times hereto, the FEHA, Government Code section 12940(h), was in full force and effect and was binding upon defendants and each of them. FEHA requires Defendants to refrain from retaliating against an employee on the basis of disability, medical condition, requesting accommodations, and/or association with a disabled person, , and to prevent retaliation on the basis of disability and/or medical condition from occurring.

64. Plaintiff is a member of a protected class as she suffered with disability and/or medical condition at the time Defendants terminated her employment and had a disabled son that she notified Defendants about.

65. Plaintiff was a qualified employee at the time Defendants terminated her employment.

66. Plaintiff believes, and on that basis alleges, that her association with her disabled son,

11

**COMPLAINT FOR DAMAGES**

her disability and/or medical condition, request for accommodations and/or medical condition was a substantial motivating reason for Defendants' discharge of Plaintiff. Defendant, through its managers and supervisors, behaved in such a manner that exhibited retaliatory motivations, intentions, and consciousness towards employees who suffered with disability and/or medical condition and/or were associated with disabled persons. Specifically, Defendants sent Plaintiff home after she requested an accommodation for her disability and/or for her disabled son and/or medical condition and terminated her employment for disclosing of her pregnancy, disabled child and requesting such accommodations. Plaintiff believes, and on that basis, alleges that defendant's real motivation was to discharge her because of her disabled child and/or her own disabilities which necessitated accommodations.

67. Within the time provided by law, plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter.

68. As a proximate result of the acts and omissions of Defendants as detailed above, Plaintiff has sustained and continues to sustain substantial damages in an amount to be proven at trial.

69. As a proximate result of defendant's willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

70. The conduct of Defendants as described above was malicious, fraudulent, or oppressive and done with a willful and conscious disregard for Plaintiff's rights. Defendants and their officers, directors and managing agents authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendants.

71. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known. As such, pursuant to Government Code §12956(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

12

**COMPLAINT FOR DAMAGES**

## **FIFTH CAUSE OF ACTION**

### **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE FEHA**

### **(Against ALL Defendants)**

72. The allegations set forth above are re-alleged and incorporated herein by reference.

73. At all times herein mentioned, FEHA, Government Code section 12940(m), was in full force and effect and was binding on defendants. This statute states makes it unlawful for an employer "to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee" unless the accommodation would "produce undue hardship."

74. During plaintiff's tenure with defendants, plaintiff became pregnant which limited major life activities.

75. Defendants knew that Plaintiff suffered with a disability that limited major life activities. Defendants also knew that Plaintiff had a disabled child.

76. Plaintiff was able to perform the essential job duties with reasonable accommodation for her actual and/or perceived mental condition.

77. Defendants failed to provide reasonable accommodation of Plaintiff's actual and/or perceived mental condition.

78. As a result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

79. As a result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer emotional distress and physical and mental suffering and anguish, all to her damage in a sum according to proof.

80. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof pursuant to Government Code section 12965(b).

81. Prior to filing this Complaint, plaintiff exhausted her remedies by timely filing administrative charge with DFEH and received a right-to-sue letter.

### **SIXTH CAUSE OF ACTION**

### **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

13

**COMPLAINT FOR DAMAGES**

**VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

82. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

83. At all times herein mentioned, FEHA, Government Code section 12940(n), was in full force and effect and was binding on defendants. This statute states makes it unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

84. During plaintiff's tenure with defendants, Plaintiff became pregnant and had disabilities which limited major life activities such as lifting, moving heavy objects, and using ladders.

85. Defendants knew that plaintiff suffered with a disability that limited major life activities.

86. Plaintiff was able to perform the essential job duties with reasonable accommodation for her actual and/or perceived medical condition. Plaintiff requested defendants make reasonable accommodation for her medical condition so that she would be able to perform the essential job requirements. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.

87. Defendants failed to participate in a timely good-faith interactive process with plaintiff to determine whether reasonable accommodation could be made. As a result, defendants failed to provide reasonable accommodation of plaintiff's actual and/or perceived medical condition.

88. As a result of defendants' willful, knowing, and intentional misconduct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

89. As a result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer emotional distress and physical and mental suffering and anguish,

14

**COMPLAINT FOR DAMAGES**

all to her damage in a sum according to proof.

90. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof pursuant to Government Code section 12965(b).

91. Prior to filing this Complaint, plaintiff exhausted her remedies by timely filing administrative charge with DFEH and received a right-to-sue letter.

## SEVENTH CAUSE OF ACTION

### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

92. The allegations set forth in the paragraphs above are re-alleged and incorporated herein by reference.

93. At all times mentioned herein, California Government Code §§ 12940, et seq., including but not limited to §§ 12940(j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

94. Defendants failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

95. In failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and harassment from occurring, Defendants violated California Government Code § 12940(j) and (k), causing Plaintiff to suffer damages as set forth above.

96. As a proximate result of the aforesaid actions of Defendants, and each of them, Plaintiff has suffered actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

97. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as

15

**COMPLAINT FOR DAMAGES**

the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

98. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

99. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures to prevent discrimination and harassment. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

<div align="center">

**EIGHTH CAUSE OF ACTION**

**CFRA INTERFERENCE/RETALIATION**

**(Against ALL Defendants)**

</div>

100. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

101. At all times herein mentioned, Government Code section 12945.2 was in full force and effect and was binding on Defendants. This subsection makes it an unlawful employment practice for an employer who employs at least 50 employees within 75 miles of the worksite where Plaintiff was employed to refuse to grant a request by any employee with more than 12 months of service and 1,250 hours of service, to take up to a total of 12 weeks of unpaid leave for family care and medical leave.

102. The actions of Defendants as described more fully above, constitute a violation of the

<div align="center">

16

**COMPLAINT FOR DAMAGES**

</div>

California Family Rights Act ("CFRA") in violation of Government Code section 12945.2.

103. Within the time provided by law, Plaintiff caused to have filed a charge with the California Department of Fair Employment and Housing ("DFEH"), alleging that Defendants violated the California Family Rights Act.  The DFEH issued a right-to-sue notice against Defendants.

104. As a proximate result of Defendants' willful, knowing, and intentional acts of violation of Plaintiff's rights under CFRA, Plaintiff has sustained losses in earnings and other employment benefits.

105. As a proximate result of Defendants' willful, knowing, and intentional violation of Plaintiff's rights under CFRA, Plaintiff suffered emotional distress and mental pain and anguish.

106. Defendants' conduct, as described above, was willful, knowing, and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages against Defendants.

107. As a direct result of the acts alleged above, Plaintiff has had to hire the services of an attorney.  As a result, Plaintiff has incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).

## NINTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE SECTION 1102.5

### (Against ALL Defendants)

108. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

109. At all times mentioned herein California Labor Code § 1102.5 was in full force and effect, and were binding on Defendants, and each of them.

110. California Labor Code § 1105.2(b) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government of law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation,

17

**COMPLAINT FOR DAMAGES**

hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

111. Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if not the sole factor, in Defendants' decision to terminate Plaintiff's employment was because she disclosed unlawful information to a government or law enforcement agency and/or another employee who has the authority to investigate, discover and/or correct the violation and/or Defendants believed she may disclose unlawful information to a government agency and/or because she refused to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

112. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

113. As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

114. Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors, who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

115. As a result of the acts of Defendants, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Code of Civil Procedure Section 1021.5.

18

**COMPLAINT FOR DAMAGES**

## TENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

116. Plaintiff hereby incorporates the paragraphs above as though fully set forth herein.

117. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in the FEHA is to prohibit employers from discriminating and retaliating against any individual based on actual and/or perceived disability and/or for engaging in a protected activity. This public policy of the State of California is designed to protect all employees and promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in the FEHA and the laws and regulations promulgated thereunder.

118. Under California law, there is a fundamental and well-established public policy against harassment or retaliation based on the fact that the employee has a protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state.

119. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment-related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

120. The actions taken against Plaintiff were carried out and ratified by the officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination and retaliation based on actual and/or perceived disability, and/or for engaging in a protected activity and required Defendant's managers, officers, and agents

19

**COMPLAINT FOR DAMAGES**

to prevent discrimination and retaliation against and upon employees of Defendant. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;

2. For special damages, according to proof;

3. For punitive damages;

4. For medical expenses and related items of expense, according to proof;

5. For loss of earnings, according to proof;

6. For attorneys' fees, according to proof;

7. For prejudgment interest, according to proof;

8. For costs of suit incurred herein;

9. For declaratory relief;

10. For injunctive relief; and

11. For such other relief that the Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a trial by jury.

DATED: January 13, 2023                    **THE FINKEL FIRM**

By: _____
    JAKE D. FINKEL
    SHERYL L. MARX
    NIKOLAY KOGAN
    Attorneys for Plaintiff LOBURDES VENTURA

20

**COMPLAINT FOR DAMAGES**

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

01/13/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____Y. Tarasyuk_____ Deputy

</td></tr>
<tr><td>

**Your case is assigned for all purposes to the judicial officer indicated below.**

</td><td>

CASE NUMBER:

23STCV00784

</td></tr>
</table>

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Theresa M. Traber | 47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record     David W. Slayton, Executive Officer / Clerk of Court

on _01/13/2023_____               By _Y. Tarasyuk_____, Deputy Clerk
  (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Loburdes Ventura

DEFENDANT:
Blue Chip 2000 Commercial Cleaning Inc.

| Reserved for Clerk's File Stamp |
| --- |
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/19/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ M. Soto _____ Deputy |

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
23STCV00784

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 05/15/2023 | Time: 8:30 AM | Dept.: 47 |
| --- | --- | --- |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  01/19/2023

_____ Theresa M. Traber / Judge _____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Nikolay Kogan
3470 Wilshire Blvd
Ste. 830
Los Angeles, CA 90010

David W. Slayton, Executive Officer / Clerk of Court

Dated: __01/19/2023__

By __M. Soto__
Deputy Clerk

| LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use | **NOTICE OF<br>CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter V@^^ |
| --- | --- | --- |

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
            (INSERT DATE)                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤  _____
    (TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤  _____
    (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤  _____
    (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤  _____
    (TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

_____      ➤  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

_____      ➤  _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

       iii.     Be filed within two (2) court days of receipt of the Request; and

       iv.     Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print          Save                                                      Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 1 of 2

SHORT TITLE: | CASE NUMBER:

## The following parties stipulate:

Date:

➢ _____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

➢ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_ Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

Superior Court of California, County of Los Angeles

<div style="border:1px solid black; background:#e0e0e0;">

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 02/27/2023 11:51 AM David W. Slayton, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 311475 | FOR COURT USE ONLY |
|---|---|---|

NAME: Sheryl L. Marx, Esq.

FIRM NAME: The Finkel Firm

STREET ADDRESS: 3470 Wilshire Blvd., Suite 830

CITY: Los Angeles    STATE: CA    ZIP CODE: 90010

TELEPHONE NO.: (213) 787-7411    FAX NO. :

E-MAIL ADDRESS: sheryl@finkelfirm.com

ATTORNEY FOR (Name): Plaintiff, LOBURDES VENTURA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS: 111 N Hill St

MAILING ADDRESS: 111 N Hill St

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: LOBURDES VENTURA

Defendant/Respondent: BLUE CHIP 2000 COMMERCIAL CLEANING, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 23STCV00784 |
|---|---|

TO (insert name of party being served): BLUE CHIP 2000 COMMERCIAL CLEANING INC., an Ohio corporation

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 7, 2023

Sheryl L. Marx, Esq.
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [✔] A copy of the summons and of the complaint.

2. [✔] Other (specify):
   CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT UNLIMITED CIVIL CASE; NOTICE OF CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKAGE; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; FIRST AMENDED GENERAL ORDER

(To be completed by recipient):

Date this form is signed: February 27, 2023

Laura E. Heyne on behalf of Blue Chip 2000 Commercial Cleaning, Inc.

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

## PROOF OF SERVICE

STATE OF CALIFORNIA                    )
                                       )  SS

COUNTY OF                              )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On February 27, 2023, I served the within document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by delivering the document(s) listed above to Nationwide Legal, Inc., for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on February 27, 2023.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Jake D. Finkel                         Attorneys for Plaintiff
Sheryl L. Marx                         LOBURDES VENTURA
Nikolay Kogan
THE FINKEL FIRM                        Tel: 213-787-7411
3470 Wilshire Blvd., Suite 830         Emails: jake@finkelfirm.com;
Los Angeles, CA 90010                  sheryl@finkelfirm.com; nikolay@finkelfirm.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2023, at Los Angeles, California.

_____
Paulin Kim

PROOF OF SERVICE

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 03/29/2023 12:02 PM David W. Slayton, Executive Officer/Clerk of Court, by A. Lopez,Deputy Clerk

**SEYFARTH SHAW LLP**
Daniel C. Whang (SBN 223451)
dwhang@seyfarth.com
Laura E. Heyne (SBN 279478)
lheyne@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
BLUE CHIP 2000 COMMERCIAL CLEANING, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR COUNTY OF LOS ANGELES

| | |
|---|---|
| LOBURDES VENTURA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CHIP 2000 COMMERCIAL INC., an Ohio corporation; and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. 23STCV00784<br><br>**DEFENDANT BLUE CHIP 2000 COMMERCIAL INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  January 13, 2023<br><br>Trial Date: None Set |

93529482v.1

Defendant BLUE CHIP 2000 COMMERCIAL INC ("Defendant"), for itself and for no other defendant, hereby answers the Complaint ("Complaint") filed by Plaintiff Loburdes Ventura ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally each allegation and each purported cause of action in the Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any acts or omissions of Defendant.

## DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without assuming the burden of proof on any defense on which they would not otherwise have the burden of proof by operation of law:

## FIRST DEFENSE

### (Failure to State a Cause of Action - All Causes of Action)

1.     Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Offset – All Causes of Action)

2.     To the extent that Plaintiff is entitled to damages or penalties, Defendant is entitled to an offset for any overpayment of wages or other remuneration previously provided to her.

## THIRD DEFENSE

### (Statute of Limitations - All Causes of Action)

3.     Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338, 340, and 343, California Government Code sections 12960 and 12965, and California Business & Professions Code section 17208.

//

//

1

DEFENDANT BLUE CHIP 2000 COMMERCIAL INC.'S ANSWER TO COMPLAINT

93529482v.1

**FOURTH DEFENSE**

**(Failure to Exhaust Administrative Remedies - All Causes of Action)**

4. Plaintiff's claims, in whole or in part, are barred to the extent Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

**FIFTH DEFENSE**

**(Laches - All Causes of Action)**

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing her claims.

**SIXTH DEFENSE**

**(Waiver - All Causes of Action)**

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**SEVENTH DEFENSE**

**(Estoppel - All Causes of Action)**

7. Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint.

**EIGHTH DEFENSE**

**(Unclean Hands - All Causes of Action)**

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH DEFENSE**

**(Consent/Authorization - All Causes of Action)**

9. Defendant asserts, without admitting that Defendant engaged in any of the acts or conduct attributed to them in the Complaint, that any and all actions of Defendant with regard to Plaintiff were consented to and/or authorized by Plaintiff through Plaintiff's actions, omissions, and course of conduct.

**TENTH DEFENSE**

**(Failure to Exercise Reasonable Preventive Corrective Opportunities – All Causes of Action)**

10. To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior, or any other unlawful conduct toward Plaintiff (which Defendant

2

93529482v.1

denies), Defendant is not liable for any such discrimination, retaliation, or other conduct, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory, retaliatory, or other unlawful behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

**ELEVENTH DEFENSE**

**(After-Acquired Evidence – All Causes of Action)**

11.    Plaintiff's claims are barred, in whole or in part, to the extent she engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the termination of her employment.

**TWELFTH DEFENSE**

**(Prompt Remedial Action – All Causes of Action)**

12.    Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

**THIRTEENTH DEFENSE**

**(Legitimate Non-Discriminatory Actions – All Causes of Action)**

13.    Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment.

**FOURTEENTH DEFENSE**

**(Mixed Motive – All Causes of Action)**

14.    Even if Plaintiff should prove that her alleged disabilities or any other protected status was a substantial factor motivating the challenged actions, which Defendant denies, the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

**FIFTEENTH DEFENSE**

**(Award of Punitive Damages is Unconstitutional – All Causes of Action)**

15.    To the extent that Plaintiff seeks punitive or exemplary damages in her Complaint, she violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth

3

93529482v.1

Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

### SIXTEENTH DEFENSE

#### (Scope of Authority – All Causes of Action)

16.     The Complaint, and each and every purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

### SEVENTEENTH DEFENSE

#### (Managerial Discretion – All Causes of Action)

17.     Any injuries Plaintiff sustained as a result of any action by Defendant are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith.

### EIGHTEENTH DEFENSE

#### (Business Necessity – All Causes of Action)

18.     Plaintiff's Complaint, and each cause of action, is barred to the extent Defendant acted in accordance with a qualification standard and/or selection criterion that is job-related and consistent with business necessity.

### NINETEENTH DEFENSE

#### (Failure to Inform Employer of Alleged Violations – All Causes of Action)

19.     Plaintiff's Complaint, and each cause of action contained therein, is barred because Plaintiff did not inform Defendant of any alleged unlawful conduct or purported complaints prior to filing a lawsuit.  Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time she filed her claims.

//

//

4

93529482v.1

## **TWENTIETH DEFENSE**

### **(Failure to Participate in the Interactive Process in Good Faith – All Causes of Action)**

20.    Plaintiff's claims are barred because she failed to participate in good faith, or at all, in an interactive process with Defendant regarding her purported need for a reasonable accommodation for her alleged disability.

## **TWENTY-FIRST DEFENSE**

### **(Reasonable Accommodation – All Causes of Action)**

21.    Plaintiff's claims are barred because Defendant was not legally required to provide reasonable accommodation to Plaintiff and, to the extent that it was so legally required, Defendant fulfilled its obligations.

## **TWENTY-SECOND DEFENSE**

### **(Inability to Perform Essential Functions – All Causes of Action)**

22.    Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent Plaintiff could not perform the essential functions of her position, with or without reasonable accommodation, in a manner which would not endanger the health or safety of herself or others.

## **TWENTY-THIRD DEFENSE**

### **(Avoidable Consequence – All Causes of Action)**

23.    Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine.

## **TWENTY-FOURTH DEFENSE**

### **(Failure to Mitigate Damages - All Causes of Action)**

24.    Defendant alleges, based on information and belief, that Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.  To the extent that Plaintiff suffered any damages as a result of the facts alleged in her Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.  By reason of the foregoing, Plaintiff is barred, in whole or in part, from recovery of damages from Defendant.

## TWENTY-FIFTH DEFENSE

### (Lack of Causation for Emotional Distress Damages – All Causes of Action)

25.    Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff has not alleged any tangible or medical evidence of emotional distress as a result of any conduct alleged in the Complaint.  Alternatively, to the extent that any alleged emotional distress is alleged by Plaintiff, it was caused by a collateral source other than Defendant.

## RESERVATION OF RIGHTS

27.    Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent.  Defendant further reserves the right to amend their answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendant pray for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4.    That Defendant be awarded its costs of suit incurred herein; and,

5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

//

//

//

//

//

//

6

93529482v.1

DATED: March 29, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Daniel C. Whang
Laura E. Heyne
Attorneys for Defendant

7

DEFENDANT BLUE CHIP 2000 COMMERCIAL INC.'S ANSWER TO COMPLAINT

93529482v.1

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                     ) SS
COUNTY OF            )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On March 29, 2023, I served the within document(s):

**DEFENDANT BLUE CHIP 2000 COMMERCIAL INC.'S ANSWER TO COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by delivering the document(s) listed above to Nationwide Legal, Inc., for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on March 29, 2023.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Jake D. Finkel | Attorneys for Plaintiff |
| Sheryl L. Marx | LOBURDES VENTURA |
| Nikolay Kogan | |
| THE FINKEL FIRM | Tel: 213-787-7411 |
| 3470 Wilshire Blvd., Suite 830 | Emails: jake@finkelfirm.com; sheryl@finkelfirm.com; |
| Los Angeles, CA 90010 | nikolay@finkelfirm.com; jasmin@finkelfirm.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 29, 2023, at Los Angeles, California.

_____
Paulin Kim

PROOF OF SERVICE

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA ⟩
⟩ SS
COUNTY OF ⟩

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On March 29, 2023, I served the within document(s):

**DEFENDANT BLUE CHIP 2000 COMMERCIAL CLEANING, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by delivering the document(s) listed above to Nationwide Legal, Inc., for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on March 29, 2023.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

| | |
|---|---|
| Jake D. Finkel | Attorneys for Plaintiff |
| Sheryl L. Marx | LOBURDES VENTURA |
| Nikolay Kogan | |
| THE FINKEL FIRM | Tel: 213-787-7411 |
| 3470 Wilshire Blvd., Suite 830 | Emails: jake@finkelfirm.com; sheryl@finkelfirm.com; |
| Los Angeles, CA 90010 | nikolay@finkelfirm.com; jasmin@finkelfirm.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 29, 2023, at Los Angeles, California.

_____
Paulin Kim

CERTIFICATE OF SERVICE OF SERVICE